# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 29, 2021

Lyle W. Cayce
Clerk

No. 20-30575

Delmon Marzett,

*Plaintiff—Appellant*,

*versus*

Darrel Vannoy, *Warden*; Perry Saggs, *Assistant Warden*; Gary Young, *Assistant Warden*; Samantha Angelle, *Captain*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-238

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Delmon Marzett, Louisiana prisoner # 303968, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim on which relief may be granted and declining to exercise supplemental jurisdiction over

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

any state law claims. The district court denied his motion for leave to proceed IFP on appeal, certifying that his appeal was not taken in good faith.

By moving to proceed IFP, Marzett is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). His request "must be directed solely to the trial court's reasons for the certification decision." *Id.* Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Marzett does not address the district court's reasons for dismissing his complaint, and he provides no argument challenging the district court's reasons for certifying that his appeal is not taken in good faith. Although we liberally construe briefs of pro se litigants, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), Marzett has abandoned any challenge to the certification decision and has failed to show that he will raise a nonfrivolous issue for appeal by failing to point to any error in the district court's decision. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Howard*, 707 F.2d at 220. Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24. Marzett's motion for the appointment of counsel also is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The dismissal of this appeal as frivolous and the district court's dismissal of the § 1983 complaint for failure to state a claim count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 536-37 (2015). Marzett is WARNED that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil

No. 20-30575

action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).